CONTINENTAL JEWELRY COMPANY v. W. M. JONES.

(Filed 16 September, 1914.)

**Vendor and Purchaser—Trials—Fraud—Issues of Fact—Evidence—Instructions.**

In this action to recover the price of certain jewelry sold and delivered, fraud in the procurement of the sale was alleged, and the controversy presented is one of facts, determined by the jury in defendant's favor, with the burden of proof properly placed upon him.

APPEAL by plaintiff from *Bond, J.,* at March Term, 1914, of EDGECOMBE.

*J. M. Norfleet for plaintiff.*
*W. O. Howard for defendant.*

PER CURIAM. This action was brought to recover $192, the price of jewelry sold to defendant, and he admitted liability for that amount, according to the terms of the sale, unless it was found that the written contract was procured from him by the fraud of the plaintiff's agent, who sold the goods, or unless the goods had no market value or merchantable quality or did not correspond with the samples by which they were sold. The court placed the burden of showing these defensive facts upon the defendant, and submitted issues to the jury, which with the answers thereto are as follows:

"1. Did the goods delivered to defendant Jones by plaintiff have any merchantable value? Answer: 'Yes.'

"2. Did the goods delivered to defendant Jones by plaintiff correspond with sample by which they were sold? Answer: 'No.'

"3. Was the execution of contract referred to procured by fraud, as alleged? Answer: 'Yes.'"

There was evidence to sustain the findings of the jury, and the request by plaintiff for an instruction, that if the jury believed the evidence they should answer the second issue "Yes" and the third issue "No," was properly refused, as was also the motion for judgment *non obstante veredicto.* The case involves nothing more than a question of fact, and the jury having found that the contract was obtained by fraud, plaintiff is not entitled to recover. The case states that the court fully instructed the jury as to the contentions of the parties and the issues, and there was no exception to the charge.